83 A.3d 407

IN THE MATTER OF JEFFERY L. KRAIN, AN ATTORNEY AT LAW (ATTORNEY NO. 010371978).

February 12, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–111, concluding that **JEFFERY L. KRAIN** of **MARLTON,** who was admitted to the bar of this State in 1978, should be suspended from the practice of law for a period of six months for violating *RPC* 5.3(a), (b) and (c) (failing to supervise a nonlawyer employee), *RPC* 5.4(a) (sharing legal fees with a nonlawyer), *RPC* 5.5(a)(2) (assisting a nonlawyer in the unauthorized practice of law), *RPC* 7.3(d) (compensating another for recommending the lawyer's services), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and good cause appearing;

It is ORDERED that **JEFFERY L. KRAIN** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective March 11, 2014; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review

Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution' of this matter, as provided in *Rule* 1:20–17.